IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS MCALPIN,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT B. CLEM, DET. GREEN,<br>DET. RONNIE PERRY, DENT MORRISS,<br>JEROME CONVERSE, JUDGE JAMES<br>E. WALTON, ATTORNEY GENERAL<br>OF TENNESSEE, and the STATE OF<br>TENNESSEE,<br><br>    Defendants. | CV 21-00004-M-DLC<br><br><br>ORDER |

Plaintiff Douglas McAlpin ("McAlpin") has filed a Motion to Proceed in

Forma Pauperis (Doc. 1) and a proposed Complaint, which includes a request for

counsel (Doc. 2). The Court will grant the motion to proceed in forma pauperis. The

request for counsel will be denied. McAlpin's claims fail to state a federal claim for

relief, and as such, this matter will be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

McAlpin's Motion to Proceed in Forma Pauperis and account statement are

sufficient to make the showing required by 28 U.S.C. § 1915(a). (Doc. 1.) The Court

1

will grant the request to proceed in forma pauperis.

## II. REQUEST FOR COUNSEL

McAlpin has also moved for appointment of counsel. (Doc. 2 at 20 - 21.) No one has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Unlike criminal cases, the statute that applies does not give a court the power to simply appoint an attorney. 28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1); *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Further, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

McAlpin seeks the assistance of an attorney because his case is complex, he is facing jail, and he does not have the funds to get legal assistance. (Doc. 2 at 21.)

Many indigent plaintiffs might fare better if represented by counsel, particularly in more complex areas such as discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves are rarely able to research and investigate facts easily. This alone does not deem a case complex.  *See Wilborn*, 789 F.2d at 1331. Factual disputes and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.

McAlpin has not made a sufficient showing of exceptional circumstances.  He has not demonstrated a likelihood of success on the merits, and he has articulated his claims effectively enough for this Court to assess them. The Court does not see a sufficient basis to appoint counsel. The motion will be denied.

## III.  SCREENING ANALYSIS

A. Procedural background

This is the third time McAlpin has come to this Court seeking relief related to his 1992 conviction in Tennessee for manslaughter, and the resulting requirement in Montana that he register as a violent offender. *See, e.g.*, *McAlpin v. Schweitzer et al.*, CV 12-114-M-DLC, and *McAlpin v. Kierkegaard et al.*, CV 12-143-M-DLC. Both of these prior actions were dismissed by the Court on various grounds, including *Younger* abstention, statute of limitations, and Montana statutory grounds.

The current Complaint names eight defendants who all appear to be related to

his Tennessee charges, and the State of Tennessee, its Governor, and its Attorney

General. (Doc. 2 at 4 – 6.) There are no Montana defendants. He asserts that he is

bringing this claim under this Court's diversity jurisdiction, as well as its federal

question jurisdiction. (Doc. 2 at 2 - 3.) Generally speaking, he alleges that the

defendants committed unlawful acts and conspired to obstruct justice, which resulted

in the conviction that then led to his legal problems in Montana related to obligations

to register here as a violent offender. *Id.* McAlpin's further allegations against these

defendants are violations of the Fourth, Sixth, Fifth, and Fourteenth Amendments, in

violation of 42 U.S.C. § 1983.

B.  Screening Standard

Mr. McAlpin is proceeding in forma pauperis so the Court must review his

Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to

dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. A complaint is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case

is malicious if it was filed with the intention or desire to harm another." *Andrews v.

King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon

which relief may be granted if a plaintiff fails to allege the "grounds" of his

"entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable

5

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This

inquiry is "a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual

allegations, which are accepted as true, "do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' –

'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed.

Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

C.  Failure to State a Claim

Pursuant to *Heck* v. *Humphrey,* "when a state prisoner seeks damages in a

section 1983 suit, the district court must consider whether a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence." 512

U.S. 477, 487 (1994). If it would imply the invalidity, "the complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has

already been invalidated." *Id.*

One of McAlpin's previous suits in this Court similarly attacked the validity of

his conviction, and at that time, the Court stated that any determination about

McAlpin's status as a violent offender, including a determination on the dismissed

Count I of the Information, was *Heck*-barred. (Cause No. CV 12-114-M-DLC at 4 –

5.) The Court stated that the proper method for McAlpin to pursue those claims was a

post-conviction or habeas relief, which he did then pursue, in *McAlpin* v.

*Kierkegaard, et al.,* CV 12-143M-DLC-JCL (Aug. 28, 2012)).

However, that habeas petition was denied on its own terms (*Id.,* Doc. 11), and

the concerns raised in *Heck* remain relevant. McAlpin states in his Complaint that its

purpose is not related to his obligation to register as a violent offender, but rather "to

instead challenge the evidence being used by the State of Montana to prosecute [him]

for failure to register," i.e., his prior conviction for manslaughter. (Doc. 2 at 18.)

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983  plaintiff
> must prove that the conviction or sentence has been reversed     on     direct appeal,
> expunged by executive order, declared invalid by a state  tribunal authorized to make
> such determination, or called into question by a     federal court's issuance of a writ
> of habeas corpus, 28 U.S.C. § 2254. A          claim for damages bearing that
> relationship to a conviction or sentence that  has *not* been so invalidated is not
> cognizable under § 1983.

*Heck*, 512 U.S. at 486 – 87. "[A]  § 1983 cause of action for damages attributable to

an unconstitutional conviction or sentence does not accrue until the conviction or

sentence has been invalidated." *Id*., at 489 – 90. McAlpin asserts that he has new

information regarding his conviction in Tennessee that would, in his view, undermine

or invalidate his conviction there. He has not, however, shown that it already has,

which would be the only way a cause of action under § 1983 could arise. His

Complaint fails to state a cognizable claim.

      D. Statute of Limitations

Even if McAlpin could state a claim under § 1983, his claims would be barred by the statute of limitations. Because § 1983 contains no statute of limitations, federal courts apply the state statute of limitations governing personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 280 (1985). Montana's statute of limitations for personal injury actions is three years. Mont. Code Ann. § 27-2-204(1).

All of the factual allegations in McAlpin's Complaint against the named defendants occurred in 1991 and 1992. One of McAlpin's prior cases in this Court was dismissed, in part, because the events underlying McAlpin's claims under § 1983 occurred outside the statute of limitations. *McAlpin v. Schweitzer et al.*, CV 12-114-M-DLC, Doc. 11 at 3 – 4 (Nov. 15, 2012). He appears to tread carefully to avoid this Court's prior concerns about statutes of limitation, but he still fails to allege any current occurrence that falls within the permissible period. (For example, he italicizes that this is the "*current application*" of Montana's law to him (Doc. 2 at 2); and asserts a current deprivation of his right to due process (Doc. 2 at 19).) He asserts that he has new evidence that undermines his 1992 Tennessee conviction, but a § 1983 action in this Court is not the proper forum for any collateral attack on that conviction, as explained above. As the factual allegations stand, they all arise in the 1990s and would be barred by § 1983's statute of limitations.

E.  Personal Jurisdiction

Ordinarily, the existence of personal jurisdiction is an issue raised by a

defendant in its initial appearance. Fed. R. Civ. P. 12(b)(2). The Court is not required

to address personal jurisdiction sua sponte. However, as McAlpin is proceeding pro

se, and without finally deciding the matter, the Court will explain why it appears not

to have personal jurisdiction over the defendants in this matter.

McAlpin has named only Tennessee defendants, or so it appears from the face

of the Complaint. In determining whether the exercise of personal jurisdiction over a

nonresident defendant is proper, a district court must apply the law of the state in

which it sits when there is no applicable federal statute governing personal

jurisdiction. *Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998).

Courts in Montana use a two-step test to determine whether a Montana court may

exercise personal jurisdiction over a nonresident defendant. *Milky Whey, Inc. v. Dairy*

*Partners, LLC*, 2015 MT 18, ¶ 18, 378 Mont. 75, 80, 342 P.3d 13, 17.

Personal jurisdiction may exist under Mont. R. Civ. P. 4(b)(1) if a party may be

"found within the state of Montana" and subject to general jurisdiction. To be

"found" within Montana for general jurisdiction purposes, "it is necessary that the

defendants' activities are 'substantial' or 'systematic and continuous.' " *Milky Whey,*

*Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 19, 378 Mont. 75, 80–81, 342 P.3d 13,

17 (internal citations omitted.) There are no allegations that suggest that any of these

defendants are "found" within Montana for purposes of general personal jurisdiction.

In the alternative, if the claim for relief arises from any of the acts listed in

Mont. R. Civ. P. 4(b)(1)(A-G), it may create specific jurisdiction for the purpose of

litigating that particular claim. If personal jurisdiction appears to exist, the Court must

determine whether the exercise of personal jurisdiction conforms with "the traditional

notions of fair play and substantial justice embodied in the due process clause" of the

United States Constitution. *Id.*, 2015 MT 18, ¶ 18, 378 Mont. 75, 80, 342 P.3d 13, 17

(citations omitted.)

The Due Process Clause requires that the defendant have "certain minimum

contacts" with the forum "such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of*

*Washington,* 326 U.S. 310, 316 (1945) (citations and internal quotation marks

omitted).

A court may exercise specific personal jurisdiction over a nonresident

defendant if:

(1) the nonresident defendant purposefully directs his activities at the forum  or
performs some act by which he purposefully avails himself of the        privilege of
conducting activities in the forum, thereby invoking the benefits        and protections
of its laws; (2) the plaintiffs claim arises out of the forum-        related activities of
the nonresident defendant; and (3) the exercise of   jurisdiction over the nonresident
defendant is reasonable. *Schwarzenegger v.  Fred Martin Motor Co.,* 374 F.3d 797,
802 (9th Cir.2004).

*Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 957–58 (N.D. Cal. 2012). Again, McAlpin has alleged no facts that would establish or even suggest any minimum contacts for these defendants with the forum of Montana. The issue has not been briefed, so this is not a decisive factor, unlike those above, in favor of dismissal, but if the case were to proceed, McAlpin should be aware that he faces a high hurdle on this issue.

   F.  Specific Defendants

      1.      State of Tennessee

McAlpin's caption on this lawsuit includes the State of Tennessee as a defendant, though the State is not listed again in his list of defendants. (Doc. 2 at 4 – 6 (the Governor is listed "on behalf of the state".) "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI; *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974). The United States Supreme Court has interpreted this amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Tennessee has not waived its immunity:

   No court in the state shall have any power, jurisdiction or authority to  entertain any suit against the state, or against any officer of the state acting        by authority of

the state, with a    view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such       officers, on motion, plea or demurrer of the law officer of the state, or    counsel employed for the state.

Tenn. Code § 20-13-102(a); *see also S & M Brands, Inc. v. Cooper*, 527 F.3d 500

(6th Cir. 2008) (stating that Tennessee had not waived its immunity on a due process

claim in federal court).

One exception to the general prohibition of the Eleventh Amendment is that it

does not bar suits for prospective declaratory or injunctive relief against state officials

in their official capacity. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997);

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v.*

*Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Armstrong v.*

*Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997) cert. denied, 118 S.Ct. 2340 (1998). The

only injunctive relief McAlpin seeks in this suit is "an injunction on the proceedings

of the State of Montana as charged by Ravalli County until the outcome of this suit is

resolved." (Doc. 2 at 20.) McAlpin has not sought injunctive relief against the State

of Tennessee, such that an exception to the Eleventh Amendment immunity applies,

and therefore, Tennessee should be dismissed.

2.      Tennessee Governor and Attorney General

In making an officer of the State a party defendant in a suit, a plaintiff cannot

use the officer as merely an end around to avoid the state's Eleventh Amendment

immunity. *Ex Parte Young*, 209 U.S. at 157; *see also Snoeck v. Brussa*, 153 F.3d 984,

986 (9th Cir. 1998). Suing the Governor and Attorney General of Tennessee in their

official capacities for money damages is, in effect, impermissibly suing the State.

Also, suing these individual simply because they are state officials is not appropriate

under § 1983. The connection between the officer and the events in the Complaint

"must be fairly direct; a generalized duty to enforce state law or general supervisory

power over the persons responsible for enforcing the challenged provision will not

subject an official to suit."  *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir.

1992) (citation omitted). McAlpin has alleged no facts regarding the Governor or

Attorney General of Tennessee. He fails to state a claim against these parties.

    3.  Judge James E. Walton

  Judges are absolutely immune from suit for judicial actions taken by them in

the course of their official duties in connection with a case, unless the judge acts

outside the judge's judicial capacity or in the complete absence of all jurisdiction.

plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983

"because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento*

*County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v.*

*Waco*, 502 U.S. 9, 11-12 (1991). The only specific allegations McAlpin makes

against Judge Walton relate to the judge's interpretation of various evidence at trial.

(Doc. 2 at 13 – 14.) Presiding over a trial is "unquestionably a judicial act," and

Judge Walton is immune from suit for these acts. *See Simmons*

*Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Based upon the foregoing, the Court issues the following:

**ORDER**

1.  Mr. McAlpin's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED. The Clerk of Court is directed to waive the filing fee.

2.  The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed on January 8, 2021.

3. This matter is DISMISSED.

4.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 6th day of May, 2021.

Dana L. Christensen, District Judge
United States District Court