IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS MCALPIN,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT B. CLEM, DET. GREEN, DET. RONNIE PERRY, DENT MORRISS, JEROME CONVERSE, JUDGE JAMES E. WALTON, ATTORNEY GENERAL OF TENNESEE, and the STATE OF TENNESSEE,<br><br>Defendants. | CV 21–04–M–DLC<br><br><br>ORDER |

Before the Court are several post-judgment motions (Docs. 9; 11; 13; 17) filed by Plaintiff Douglas McAlpin following this Court's dismissal of his pro se compliant at the screening stage (*see generally* Doc. 7). This includes three motions that the Court will construe as seeking relief from judgment (Docs. 9; 11; 17) and one to amend the operative complaint to advance class action claims and join this action with another action currently pending in the District (Doc. 13). For the reasons stated herein, the motions will be denied.

Mr. McAlpin's filings are difficult to track, but because of his pro se status, the Court will liberally construe their contents. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On January 8, 2021, Mr. McAlpin filed his complaint against 8

1

defendants alleging that a conspiracy involving Tennessee officials led to his wrongful conviction on state court charges between 1991 and 1992. (*See generally* Doc. 2.)

Because he was permitted to proceed in forma pauperis, the Court screened his complaint pursuant to 28 U.S.C. § 1915. (Doc. 7 at 4.) The Court concluded that Mr. McAlpin's claims failed because they are *Heck* barred and fall outside the applicable statute of limitations. (*Id.* at 6–8.) The Court also noted it likely lacked personal jurisdiction over the defendants and found that some defendants were either immune from suit or that the allegations failed to plausibly establish a claim against them. (*Id.* at 8–14.) Mr. McAlpin's request for counsel was also denied. (*Id.* at 2–3.) Accordingly, the case was dismissed, and judgment was entered in favor of the defendants. (*Id.* at 14; Doc. 8.) As noted above, since then Mr. McAlpin has filed four motions requesting various relief. The Court will adjudicate each in turn.

## I. Motions for Relief from Judgment (Docs. 9; 11; 17).

On May 19, 2021, Mr. McAlpin filed a Motion for Reconsideration (Doc. 9), requesting that this Court reconsider the denial of his claims. (Doc. 10.) Specifically, Mr. McAlpin argued that he was also advancing a claim under 42 U.S.C. § 1985 which the Court failed to address. (*Id.* at 1–4.) On June 15, 2021, Mr. McAlpin filed an affidavit "in support of his request to reconsider" his

previous request for an attorney. (Doc. 11 at 1.) Mr. McAlpin also subsequently filed another motion reiterating his request for counsel. (Doc. 17.)

Because these filings challenge the Court's dismissal of his case and entry of judgment, the Court construes them as motions for relief from judgment under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), this Court may "relieve a party" from a "final judgment [or] order" because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, discharged, reversed, vacated, or unequitable judgment; or (6) any other release that justifies relief. Fed. R. Civ. P. 60(b).

As a general matter, motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). The Court finds no basis for reconsidering its decision to dismiss Mr. McAlpin's lawsuit and deny his request for counsel.

3

First, Mr. McAlpin has not included any argument or rebuttal regarding this Court's conclusion that his claims are *Heck* barred, fall outside the applicable statute of limitations, fail to state a claim against certain defendants, and are advanced against defendants with immunity. (*See generally* Doc. 10.) Instead, Mr. McAlpin argues the Court should reconsider its decision to dismiss his claims because it failed to address his § 1985 claim. (*Id.* at 1–4.) The problem, however, is that all of the defects identified in the Court's prior Order (Doc. 7) apply with equal force to any claim brought under 42 U.S.C. § 1985. Moreover, a § 1985 claim can only be sustained if the conspiracy is allegedly motivated by some invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). Mr. McAlpin does not allege or argue that this is so. As such, the Court will deny Mr. McAlpin's motion for relief from judgment to the extent it seeks reconsideration of dismissal of his claims.

Mr. McAlpin's request for reconsideration of the Court's denial of his motion for counsel will similarly be denied. (Docs. 11; 17.) In this motion, Mr. McAlpin exclusively argues he needs the assistance of counsel because his case is complex and he lacks formal legal training. (Doc. 11 at 2–5; 17 at 2.) As the Court previously told Mr. McAlpin, this is insufficient to justify the appointment of counsel in a civil case, (Doc. 7 at 2–3.), which is limited to "exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Nothing

has changed since this Court first concluded this standard was not met, and the Court will deny Mr. McAlpin's request for reconsideration of its denial of his request for counsel.

**II. Motion to Amend for Class Action Status and Joinder with *Huggler v. State of Montana, et al.,* CV 19–39–SPW–TJC (Doc. 13).**

Mr. McAplin has also filed a motion seeking to amend his complaint to assert class action claims on behalf of all "Montana citizens that have been declared indigent by the Courts of Montana." (Doc. 13 at 2.) The Court will construe this motion as one brought under Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, this Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this Court need not permit futile amendments. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, any amendment would be futile for two reasons. First, Mr. McAlpin is proceeding pro se. Pro se defendants cannot prosecute class action lawsuits. *Welch v. Terhune*, 11 Fed. Appx. 747, 747 (9th Cir. 2001) (unpublished) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Second, none of these amendments would cure the defects this Court has previously identified in Mr. McAlpin's claims. The Court will not permit an amendment to advance a futile class action claim.

As a final matter, to the extent Mr. McAlpin's motion also seeks joinder with the *Huggler* lawsuit, the Court will construe it as a motion for consolidation under Rule 42(a) of the Federal Rules of Civil Procedure. A Court's consolidation decision is purely discretionary. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). Both the *Huggler* matter and this case are closed and both present distinct claims against different plaintiffs and different defendants. This alone supports a denial of any request for consolidation. The motion (Doc. 13) will be denied.

For the reasons stated above, IT IS ORDERED that Mr. McAlpin's motions for relief from judgment (Docs. 9; 11; 17) and to amend complaint to advance class action claims and to consolidate (Doc. 13) are DENIED.

IT IS FURTHER ORDERED that this Court certifies pursuant to Rule 24(a)(3)(A) that any appeal of this Order would not be taken in good faith. Mr. McAlpin has attempted to advance implausible or barred claims against improper defendants. The Clerk of Court shall have the docket reflect the foregoing certification.

No further filings will be entertained in this closed case.

DATED this 3rd day of September, 2021.

_____
Dana L. Christensen, District Judge
United States District Court